# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS RAY JARAMILLO, JR., § | | |
| TDCJ No. 1566515, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| BEXAR COUNTY, TEXAS, § | SA-09-CV-0656 XR (NN) | |
| Officer Sergeant BRAULIO MENCHACA, § | | |
| Officer CHRISTOPHER ESTRADA, § | | |
| Officer SERGIO GONZALEZ, § | | |
| Officer REYANLDO VILLARREAL, § | | |
| Individually &in their Official Capacities; § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

**TO:** Xavier Rodriguez
United States District Judge

The purpose of this report and recommendation is to recommend staying this case. Ordinarily a stay of proceedings falls within a magistrate judge's authority, but I am constrained from staying this case because plaintiff Luis Ray Jaramillo seeks preliminary injunctive relief. The Ninth Circuit has reasoned that a magistrate judge lacks authority to stay a case in which the plaintiff seeks injunctive relief because a stay effectively disposes of the plaintiff's request for preliminary injunctive relief.[1] Although a request for injunctive relief is effectively moot in this case because Jaramillo is no longer housed at the location where his factual allegations occurred, the request for preliminary injunctive relief remains as a live claim. For that reason, I prepared a report and recommendation in lieu of an order staying the case.

Jaramillo has sued Bexar County, Texas, and four detention officers for various causes of

---

[1] *See Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992).

action, stemming from his detention as a pretrial detainee at the Bexar County Jail. Jaramillo has since been convicted and is confined at the Institutional Division of the Texas Department of Criminal Justice.

Recently, the defendants' attorney filed an advisory, stating that defendant Sergio Gonzalez was called to active military service.[2] Although the attorney did not ask for a stay, a military service member is entitled to a stay of a civil action under 50 U.S.C. app. § 522. That provision permits a court to stay a civil action against a military service member on the court's own motion.[3] In that circumstance, the decision to stay is discretionary with the district court.[4] I recommend exercising that discretion to preserve Gonzalez's ability to defend himself.

Jaramillo provided a detailed factual account of his claims, but he did not clearly articulate the legal basis for his claims.[5] Despite that short-coming, Jaramillo stated a claim against Gonzalez under 42 U.S.C. § 1983 for excessive use of force and under Texas law for assault. Jaramillo alleges that Gonzalez and defendant Christopher Estrada kicked and punched him in retaliation for grievances he filed against defendant Braulio Menchaca. I recommend

---

[2] Docket entry # 30.

[3] 50 U.S.C. app. § 522(b)(1) ("At any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court *may* on its own motion and *shall*, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.") (italics added).

[4] *See Boone v. Lightner*, 319 U.S. 561, 568-69 (1943).

[5] Jaramillo alleges that defendant-detention officer Braulio Menchaca paid an inmate to fight him and defendant-detention officer Reynaldo Villareal told other inmates that Jaramillo was incarcerated for a sexual offense so that the inmates would beat him. Because Jaramillo suggests that the alleged conduct punished him, Jaramillo appears to bring a claim for the deprivation of liberty without due process of law. "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979).

staying this case as to all defendants because Jaramillo's other claims revolve around this allegation. Because the claims against Gonzalez are central to Jaramillo's other claims, it would be inefficient to proceed with the prosecution of the lawsuit without Gonzalez.

**Recommendation**. I recommend staying the case until Gonzalez is released from active duty. Gonzalez's military order indicates that he will be released from active duty on October, 15, 2010. Staying the case until that time will result in a nine-month stay. To the extent that Jaramillo may complain about prejudice to his ability to prosecute his case, a stay will not prejudice Jaramillo any more than the 18-month delay in filing this case.[6] I have attached a copy of Gonzalez's military order. If the district judge accepts this recommendation, I recommend adding language to the stay order directing Gonzalez's attorney to notify the court if Gonzalez is released earlier than October 15, 2010.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[7] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those

---

[6] The events giving rise to this case occurred in March 2008. Jaramillo was sentenced on March 30, 2009. Jaramillo filed a motion to proceed in forma pauperis and a proposed complaint on August 12, 2009. It appears Jaramillo filed this case several months after he was transferred to TDCJ.

[7] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[8] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[9]

**SIGNED** on February 12, 2010.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[9] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).