UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS RAY JARAMILLO, JR., § | | |
| TDCJ No. 1566515, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| BEXAR COUNTY, TEXAS, § | SA-09-CV-0656 XR (NN) | |
| Officer Sergeant BRAULIO MENCHACA, § | | |
| Officer CHRISTOPHER ESTRADA, § | | |
| Officer SERGIO GONZALEZ, § | | |
| Officer REYANLDO VILLARREAL, § | | |
| Individually &in their Official Capacities; § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

**TO:** **Hon. Xavier Rodriguez**
**United States District Judge**

This report and recommendation addresses plaintiff Luis Ray Jaramillo's application for a preliminary injunction and temporary restraining order.[1] Jaramillo is a state inmate, confined at the Eastham Unit of the Texas Department of Criminal Justice, Institutional Division. Jaramillo has sued four Bexar County detention guards for events occurring during Jaramillo's pretrial detention at the Bexar County Jail. In the application, Jaramillo asks the district court to enjoin Eastham Unit officials from interfering with his efforts to prosecute this lawsuit. According to Jaramillo, legal library personnel are denying him legal supplies and material needed to prepare motions and responses in support of this lawsuit.

"A plaintiff seeking [preliminary injunctive relief] must establish that he is likely to

---

[1]Docket entry # 37.

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[2] A preliminary injunction is an extraordinary remedy which should be granted only if movant has clearly carried the burden of persuasion on all four requirements.[3] Preliminary injunctive relief is not available to prevent the possibility of some remote future injury.[4]

Jaramillo has not shown that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief. Although Jaramillo asserted that he is likely to suffer irreparable harm because he is unable to file timely responses and submissions in support of his claims,[5] his filings belie that assertion. Jaramillo has filed numerous pleadings with the court, to include unnecessary pleadings.[6] Jaramillo's pleadings indicate he has had access to legal library resources. To the extent that he is concerned about late filings, Jaramillo has sought and received additional time to respond to the defendants' pleadings when a response is required.[7] If Jaramillo cannot meet a scheduled deadline or respond to a motion within the time specified by the local

---

[2]*Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008).

[3]*Lake Charles Diesel v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003).

[4]*Winter*, 129 S. Ct. at 375.

[5]Docket entry # 38, p. 2.

[6]Docket entry # 17 (Jaramillo's response to the defendants' answer); docket entry # 24 (second reply & memorandum in response to defendants' second answer); docket entry # 26 (motion for default judgment).

[7]Docket entry # 12 (motion for extension of time to respond to defendants' motion to dismiss; mooted upon filing of response shortly thereafter); # 22 (motion for more time to reply to defendants' second answer); docket entry # 29 (denying motion for more time to reply to defendants' answer because an answer does not require a response); # 40 (motion for extension of time to object to report and recommendation); # 42 (order granting motion for extension of time to object to report and recommendation).

rules, he can ask for an extension of time. Because Jaramillo has not established that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief, the district court need not consider whether Jaramillo can establish he is likely to succeed on the merits, the balance of equities tips in Jaramillo's favor, or an injunction is in the public interest.

**Recommendation**. I recommend denying Jaramillo's application for a temporary restraining order (docket entry # 37) because did not establish he is likely to suffer irreparable harm.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[8] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[9] Additionally, failure to file timely written objections to the proposed findings,

---

[8] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[9] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[10]

**SIGNED** on March 25, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).