UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS RAY JARAMILLO, JR., § | | |
| TDCJ No. 1566515, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| BEXAR COUNTY, TEXAS, § | | SA-09-CV-0656 XR (NN) |
| Officer Sergeant BRAULIO MENCHACA, § | | |
| Officer CHRISTOPHER ESTRADA, § | | |
| Officer SERGIO GONZALEZ, § | | |
| Officer REYNALDO VILLARREAL, § | | |
| Individually & in their Official Capacities; § | | |
| § | | |
| Defendants. § | | |

REPORT AND RECOMMENDATION

TO:  Honorable Xavier Rodriguez
     United States District Judge

This report recommends denying plaintiff Luis Ray Jaramillo's request for injunctive relief.[1] Jaramillo is a state inmate, housed at the Texas Department of Criminal Justice Eastham Unit. To the extent Jaramillo sought discovery in the pleading seeking injunctive relief, I disposed of the discovery issue in a separate order. This report addresses the requested injunctive relief. Jaramillo asked the court for the following:

   1. Order the Eastham prison officials to allow him to use the law library at times
   more convenient to him;
   2. Order the Eastham prison officials to assist him with postage and legal
   supplies;
   3. Order the Eastham prison officials to allow him to view a CD produced in
   discovery;
   4. Restrain the Eastham prison officials from taking him to the Bexar County Jail

---

[1]Docket entry # 72.

1

for the trial of this case; and

5.  Restrain the defendants from contacting him prior to the day of trial.

"A plaintiff seeking [preliminary injunctive relief] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[2]  A preliminary injunction is an extraordinary remedy which should be granted only if movant has clearly carried the burden of persuasion on all four requirements.[3]  Preliminary injunctive relief is not available to prevent the possibility of some remote future injury.[4]

Jaramillo's first three requests implicate Jaramillo's access to the courts.  Prisoners have a constitutionally protected right to access to the courts, but "the Supreme Court has not extended the right to encompass more than the ability to prepare and transmit a necessary legal document to a court."[5]  To show a denial of access to the courts, a plaintiff must show actual prejudice.[6]  Jaramillo has not shown, or even pleaded, a legal injury resulting from the actions of the Eastham prison library officials.  Jaramillo complained about inconvenience in using the library and obtaining stamps, but he did not complain about interference with his access to the courts.  Since

---

[2] *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008).

[3] *Lake Charles Diesel v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003).

[4] *Winter*, 129 S. Ct. at 375.

[5] *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

[6] *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) ("[I]nmates [are not guaranteed] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

filing his motion, Jaramillo filed a detailed motion for witnesses. Although the motion was filed a few days after the deadline prescribed by the scheduling order, the defendants did not object to the late filing and nothing attributes the delay in filing to the Eastham prison officials. As for Jaramillo's complaint about the CD, Jaramillo's exhibit shows the Eatham prison officials classifed the CD as contraband and informed Jaramillo that he could appeal the rejection of the CD. Jaramillo did not state that he appealed the rejection. In the absence of an allegation that Jaramillo pursued the appeal process and the appeal process prevented him from accessing the courts, Jaramillo has not shown injury.

As for Jaramillo's last two complaints, Jaramillo has not pleaded an irreparable and imminent injury. Jaramillo stated that he fears for his life from Bexar County officials, but Jaramillo is not located at the Bexar County Jail; Jaramillo is housed at the Eastham prison unit. Jaramillo has no contact with Bexar County Jail officials. Moreover, there is little likelihood Jaramillo will come into contact with a Bexar County Jail official before the day of trial. TDCJ typically transfers a state inmate to the TDCJ prison unit closest to the district court prior to trial and then transports the inmate to court for trial. The inmate remains in the custody of TDCJ officials throughout the trial of his case. At this point, no trial date is scheduled, so there is no plan to move Jaramillo to Bexar County or any other location. Without a plan to move Jaramillo to the Bexar County Jail, Jaramillo cannot show the irreparable and imminent injury needed to obtain injunctive relief.

**Recommendation**. Jaramillo has not demonstrated he is likely to suffer irreparable and imminent harm in the absence of preliminary relief; therefore, I recommend DENYING his motion for injunctive relief (docket entry # 72).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[7] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[8] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[9]

**SIGNED** on February 14, 2011.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[7] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[8] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[9] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).